IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>GEORGE WASHINGTON UNIVERSITY, )<br>)<br>Defendant. )<br>_____ ) | Case No. _____ |

**PLAINTIFF'S EMERGENCY MOTION FOR A
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

NOW COMES Plaintiff John Doe[1], by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 65(b), hereby moves this Court to issue an emergency Temporary Restraining Order to prevent Plaintiff's suspension and eviction from George Washington University ("GWU"), until the Court is able to hear arguments for a preliminary injunction. At that time, this Court should also issue a preliminary injunction.

The suspension and eviction of the Plaintiff from GWU appears imminent despite the fact that Plaintiff has fully paid for, and almost completed, his current academic semester at GWU. Plaintiff's suspension and eviction is currently scheduled to become effective on Sunday, April 10, 2011, at 5:00 p.m.

GWU has decided to suspend and evict the Plaintiff as the result of a fatally flawed disciplinary process that wrongly determined that his sex with another student, Jane Roe, was not consensual. Both Jane Roe and John Doe agree that they had sex in the early morning hours of

---

[1] "John Doe" is, obviously, not the plaintiff's real name. Due to the nature of the allegations in this lawsuit, Mr. Doe is proceeding in a way that will protect his privacy and that of his accuser, who is referred to in Plaintiff's unsealed filings as "Jane Roe."

1

October 29, 2011.  Jane Roe says that she went to sleep in John Doe's bed merely to have a place to sleep, and without any sexual desire or connection.  She told a GWU disciplinary panel that she went to bed fully clothed, and John Doe removed her clothing to sexually assault her.

Jane Roe's description of how her clothing was removed was a lie.  Text messages between John Doe's roommates, who were in John Doe's dorm room when Jane Roe came into the room in the early morning hours of October 29, and who stayed in the room until the next morning, confirm what is in their witness statements – that Jane Roe stood, in front of three men, and stripped down to her bra and underwear.  She then got in bed with John Doe.  Unfortunately, John Doe's disciplinary panel never learned that key portions of her testimony were a lie, because GWU failed to adequately investigate the disciplinary charges against John Doe.

John Doe's credibility, on the other hand, could not be stronger; he voluntarily submitted to, and passed, a polygraph, and was found to be telling the truth when asked if Jane Roe kissed him, stroked his penis, and then removed her own underwear before they had sex.

Because the difference between the credibility of the parties is so stark, John Doe should not have been found to have committed a sexual assault.  Yet, the flawed GWU process led to the opposite determination.

As set forth in an accompanying Memorandum of Law, GWU blatantly violated its Code of Student Conduct on a variety of levels, depriving Plaintiff of his contractual and other rights to a fair hearing and appeal, justifying this relief.

This is not a typical challenge to a university disciplinary decision:  Plaintiff's original hearing was marred not only by lack of parental notice and a pre-hearing investigation so pitiful that GWU failed to secure any physical evidence or interview and/or take statements from key witnesses (including one in the room at the time of the sexual act), but also by a hearing in which

GWU failed to compel the presence of a witness Plaintiff had demanded, and placed severe restrictions on Plaintiff's ability to effectively participate in his own hearing. Despite a requirement in the Code that "[a]ll parties may question witnesses who testify for any of the parties at the hearing," Plaintiff was not allowed to question Jane Roe. Instead, he was forced to hand-write his questions, which were then awkwardly and incompletely asked of her by a member of the disciplinary panel. Ultimately, John Doe was found in violation of the Student Disciplinary Code as he faced a well-coached and emotion-laden complainant.

After being found in violation, Plaintiff filed an appeal at GWU. Now represented by counsel, John Doe was able to conduct the investigation that GWU wholly neglected to do in the first place. On appeal, Plaintiff presented numerous sworn witness statements contradicting the complainant, texts messages that negate her story, and Plaintiff's own polygraph results (obtained from a former FBI polygrapher) supporting his description of events. Plaintiff's appeal was "deemed viable" by GWU's Dean of Students, and forwarded to GWU's Committee on the Judicial System for review. Rather than submitting Plaintiff's appeal to the full 7-member appeals Committee, however, GWU self-selected three of its members to decide Plaintiff's appeal. There is no provision in GWU's Code for delegation of the Committee's duties to "panels," yet GWU essentially rewrote its Code, and its contract with Plaintiff, to allow this process. The majority of the appeals Committee never saw Plaintiff's appellate submission, and GWU's self-selected panel then denied the appeal.

Plaintiff was subsequently advised that GWU's decision was final and conclusive, that all of his academic accomplishments this semester would be afforded no credit whatsoever, that he would not be permitted to finish the Spring 2011 academic semester, and that he must vacate GWU's campus no later than April 10, 2011, at 5:00 p.m.

Having fully exhausted any remedies that might be available administratively at GWU, Plaintiff now approaches this Court seeks emergency injunctive relief. Plaintiff seeks a Temporary Restraining Order to prevent his academic suspension and imminent eviction from GWU, consistent with his contemporaneously-filed Verified Complaint. Consistent with Rule 65, Plaintiff also requests that this Court schedule within 14 days a hearing on his request for a preliminary injunction. An accompanying proposed Order is attached.

Undersigned counsel hereby certify that they have made reasonable and diligent efforts to give notice of this Motion to Defendant GWU, via email, fax and telephone messages submitted to GWU's Office of General Counsel.

This 8th day of April, 2011.

Respectfully submitted,

 /s/
Gregory S. Smith
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone:  (202) 460-3381
Facsimile: (877) 809-9113
gregsmithlaw@verizon.net


 /s/
Matthew G. Kaiser
D.C. Bar No. 486272
The Kaiser Law Firm PLLC
910 17th Street NW, Suite 800
Washington, DC 20006
(202) 640-2850
(202) 280-1034 (Facsimile)
mkaiser@thekaiserlawfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that before filing the foregoing Motion, including the Memorandum in Support and Proposed Order, on this 8th Day of April, 2011, I caused a copy of it to be sent by both facsimile and electronic mail to Toi Carter, Associate General Counsel at George Washington University.


                                                        /s/_____
                                                        Matthew G. Kaiser